IN RE ADOPTION of H.L.M., Wade L. McNew

CA 07-11                                                    257 S.W.3d 587

Court of Appeals of Arkansas
Opinion delivered May 23, 2007

*Ables Law Firm, P.A.*, by: *Ashley E. Caudle* and *Lisa Jones-Ables*, for appellant.

SARAH HEFFLEY, Judge. Appellant Wade L. McNew appeals from an order dismissing without prejudice his petition as a stepparent to adopt his wife's adoptive child. For reversal, he con-

tends that the trial court erred in ruling that, before the adoption could go forward, he was required to either obtain the consent of the child's biological father, or produce an order demonstrating that the biological father's parental rights had been terminated. We agree that the trial court's ruling was in error and thus reverse and remand.

By a petition and an amended petition, filed respectively on July 26 and August 28 of 2006, appellant sought to adopt his wife's child. The amended petition and attached exhibits disclose that appellant married his wife Tammy in August of 2005. Prior to their marriage, Tammy, as a single woman, had adopted the child in question. Both the interlocutory decree of adoption, dated August 24, 2005, and the final decree of adoption, entered on January 19, 2006, state that the child's biological mother and biological father had executed their consent to Tammy's adoption of their daughter.

A hearing was held on appellant's amended petition on September 28, 2006. During this hearing, the trial court inspected the previous interlocutory and final decrees of adoption, whereby Tammy had adopted the child, and noted that, although the biological father had consented to the adoption, neither decree specifically terminated the biological father's parental rights. The court thus required appellant to either obtain the biological father's consent to the present adoption, or an order from the court that granted Tammy's adoption stating that the biological father's rights had been terminated in the previous proceeding.

On September 28, after the hearing, appellant filed a motion to transfer the amended petition to the Seventeenth Division of the Pulaski County Circuit Court where the prior adoption had been heard. The trial court denied the motion to transfer that same day.

On October 2, 2006, appellant's counsel sent a proposed order of dismissal to the trial court for its signature. When the trial court did not act on the proposed order, appellant's counsel wrote to the court again on October 16 to inquire about the order, stating "[i]f the order is not to your satisfaction, please revise and sign for appeal purposes." The trial court entered its own order dismissing without prejudice appellant's amended petition on October 31, 2006. In it, the court reiterated its position that it was necessary for appellant to obtain the consent of the biological father or an order reflecting the termination of his parental rights. The basis for the trial court's ruling was stated as follows:

> The Court explained to Petitioner's attorney [at the hearing] that the wording of the biological father's consent filed in the previous adoption matter was identical to the wording of Tammy Lanee NcNew's consent filed in this proceeding. It did not appear that the biological father authorized a termination of his parental rights when he consented to a female adopting his daughter. ... To explain its reasoning, the Court noted that Tammy Lanee McNew's identical consent to adoption for Petitioner to adopt her child would not terminate her parental rights in this matter. Accordingly, the biological father's consent to adoption would not operate to terminate his parental rights in the previous adoption proceeding, either. However, if the Pulaski County Circuit Court, Seventeenth Division, in the previous adoption case entered an order that the biological father's rights were terminated in that case then this Court would accept that Court's finding regarding the termination.

On November 6, 2006, appellant filed a motion to set aside the order of dismissal, taking issue with certain statements made by the trial court in its dismissal order. The motion to set aside was not acted upon in thirty days and was thus deemed denied on December 6, 2006. Ark. R. App. P.–Civil 4(b)(1). This timely appeal followed.

Appellant contends that the trial court erred by requiring him to acquire the consent of the child's biological father or an order showing the termination of his parental rights before he, as a stepparent, could adopt his wife's child. There is decided merit in this argument. Arkansas Code Annotated section 9-9-204(2) (Repl. 2002) authorizes an unmarried adult, such as appellant's wife Tammy, to adopt a child. Arkansas Code Annotated section 9-9-215 (Supp. 2005) addresses the effect of a decree of adoption and provides in relevant part that

> (a) A final decree of adoption and an interlocutory decree of adoption which has become final, whether issued by a court of this state or of any other place, have the following effect as to matters within the jurisdiction or before a court of this state:

> (1) Except with respect to a spouse of the petitioner and relatives of the spouse, to relieve the biological parents of the adopted individual of all parental rights and responsibilities, and to terminate all legal relationships between the adopted individual and his or her biological relatives, *including his or her biological parents,* so that the adopted individual thereafter is a stranger to his or her former relatives for all purposes.

(Emphasis added.)

■ The supreme court has interpreted this statute as an expression of public policy favoring a complete severance of the relationship between the adopted child and his or her biological family in order to further the best interest of the child. *Vice v. Andrews*, 328 Ark. 573, 945 S.W.2d 914 (1997); *Suster v. Arkansas Dep't of Human Servs.*, 314 Ark. 92, 858 S.W.2d 122 (1993). Based on these authorities, appellant was not required to obtain the consent of the child's biological father, nor was it necessary for there to be an order specifically terminating his parental rights. By operation of law, the former adoption decree forever severed and held for naught the biological father's rights, responsibilities, and legal relationship with the child. In terms of severing parental rights, the statute does provide that the parental rights of "a spouse of a petitioner," like Tammy, are not severed upon a stepparent adoption; however, the statute carves out no exception for a biological parent where an adoption is granted to an unmarried person. The trial court clearly erred in ruling otherwise. Accordingly, we reverse and remand for proceedings consistent with this opinion.

■ In closing, we note that at the end of the record, after the clerk's certificate, there appears a letter written by the trial court to appellant's counsel on December 29, 2006, that purports to address appellant's motion to set aside the order of dismissal. We do not approve of this belated attempt to address the motion, and we have not considered this letter in reaching our decision. The letter is not file-marked and thus was not entered of record. We will not consider matters that are outside the record to determine issues on appeal. *Wal-Mart Stores, Inc. v. Tucker*, 353 Ark. 730, 120 S.W.3d 61 (2003).

Reversed and remanded.

MARSHALL and VAUGHT, JJ., agree.